# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

ALEX VILLAFUENTE

**JUDGMENT IN A CRIMINAL CASE**

FILED IN THIS OFFICE OCT 0 9 2024 Clerk U.S. District Court Greensboro BY

Case Number: 1:23-CR-00357-4

USM Number: 87391-510

William Scott Harkey
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count 1 (lesser included) and 9.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 and 841(b)(1)(B) | Conspiracy to Distribute Fentanyl and Cocaine Hydrochloride | 04/27/2023 | 1 (lesser included) |
| 18:1956(a)(2)(A) and 2 | Money Laundering | 08/02/2022 | 9 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the economic circumstances.

September 17, 2024
Date of Imposition of Judgment

Signature of Judge

Loretta C. Biggs, United States District Judge
Name & Title of Judge

October 7, 2024
Date

DEFENDANT:     ALEX VILLAFUENTE
CASE NUMBER:   1:23-CR-00357-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **90 months.**
**[90 months as to each of counts 1 and 9, to run concurrently with each other]**

☒  The court makes the following recommendations to the Bureau of Prisons: **that the defendant be permitted to participate in the most intensive substance abuse treatment program available and that he receives educational and vocational training.**

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district.

    ☐  at _____ am/pm on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 pm on  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years.**

**[3 years as to each of counts 1 and 9, to run concurrently with each other]**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date_____

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the mandatory and standard conditions of supervised release.

2. The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages and illegal substances.

3. The defendant shall participate in any educational and/or vocational services programs, as directed by the probation officer, and pay for any program fees as directed by the probation officer. Such programs may include, but is not limited to, High School Diploma, GED preparation, on-the-job training, job readiness training, and skills development training.

4. The defendant shall provide any requested financial information to the probation officer.

5. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine  | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|-------|------------------|-------------------|
| TOTALS | $200.00    | $.00        | $.00  |                  |                   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $200.00 due immediately, balance due
- ☐ not later than _____ , or
- ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties: **to the extent the defendant cannot immediately comply, the Court will recommend that the defendant participate in the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**The attached Preliminary Order of Forfeiture filed in this Court on 08/07/2024 shall be incorporated in this judgment.**

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.**

DEFENDANT: ALEX VILLAFUENTE
CASE NUMBER: 1:23-CR-00357-4

## DISPOSITION OF EVIDENCE

Upon completion of the time for appeal, any contraband seized shall be destroyed. Any personal items such as social security card, passport, or ID shall be returned to the defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:23CR357-4 |
| v. | : | |
| | : | |
| ALEX VILLAFUENTE, | : | |
| also known as Alex Villafuerte | : | |

**PRELIMINARY ORDER OF FORFEITURE**

1. WHEREAS, on October 30, 2023, the defendant, ALEX VILLAFUENTE, was charged in an Indictment in Count One with a violation of Title 21, United States Code, Section 846 and 841(b)(1)(A) and 841(b)(1)(B), respectively, conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, as well as 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; and in Count Nine with a violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2, attempt to commit international money laundering by promotion, and aiding and abetting;

AND WHEREAS, forfeiture allegations were included in the Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United State Code, Section 853, and Title 28, United States Code, Section 2461(c);

AND WHEREAS, the defendant, ALEX VILLAFUENTE, entered into a plea agreement on January 28, 2024, whereby the defendant agreed to plead guilty to the lesser-included offense of Count One of the Indictment and to Count Nine, and consented to forfeiture of any property constituting, or derived from, any proceeds obtained, directly or

indirectly, or used, or intended to be used to commit, or to facilitate the commission of the offense charged in Count One, and any property, real or personal, involved in or traceable to the offense charged in Count Nine, including, but not limited to, the following:

a. Palmetto State Armory, model PSAK47, 7.62x39mm rifle, serial number AK006872;

b. Palmetto State Armory, model PA-15, multi-caliber rifle, serial number SCD040583;

c. Hi-Point, model 1095, 10mm rifle, serial number M11874;

d. Ruger, model Mini-14 Ranch Rifle, .223 caliber rifle, serial number 196-75188;

e. Mossberg, Maverick model 88, 12-gauge shotgun, serial number MV86305N;

f. Jimenez Arms, model J.A. NINE, 9mm pistol, serial number 280570;

g. Calwestco, model Jennings J22, .22 caliber pistol, serial number 717333;

h. Masterpiece Arms, model Defender, 9mm pistol, serial number F8485;

i. Glock, model 45, 9mm pistol, serial number BTUN871;

j. Glock, model 21, Gen 4, .45AUTO caliber pistol, serial number BEXM320;

k. Glock, model 27, .40 caliber pistol, serial number BPAK880;

l. Phoenix Arms, model Raven, .25 Auto caliber pistol, with obliterated serial number;

m. FNH USA, model Five-seveN, 5.7x28mm pistol, serial number 386340084;

n. Glock, model 17, 9mm pistol, serial number BDKG346;

o. Glock, model 43X, 9mm pistol, serial number BWCT365;

p. Glock, model 17 Gen 5 9x19, 9mm pistol, serial number BTBU411;

q. Smith & Wesson, unknown caliber rifle, serial number 1S1884C;

r. Glock, model 43X, 9mm pistol, bearing serial number BSMM349; and

s. Smith & Wesson, model M&P Bodyguard, .380 caliber pistol with unknown serial number.

AND WHEREAS, on February 5, 2024, the defendant, ALEX VILLAFUENTE, pleaded guilty to the lesser-included offense of Count One and to Count Nine of the Indictment;

AND WHEREAS, the Court finds that the defendant's interest in and to the property identified above and as described in the forfeiture allegation in the Indictment and in the Plea Agreement is subject to forfeiture, and that the requisite nexus exists between the property to be forfeited and the offenses to which the defendant has pled guilty.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

1. As the result of the guilty plea to the lesser-included offense of Count One and to Count Nine of the Indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and based on the Plea Agreement and other matters of record in this case, the defendant shall forfeit to the United States all right, title and interest in and to:

    a. Palmetto State Armory, model PSAK47, 7.62x39mm rifle, serial number AK006872;

    b. Palmetto State Armory, model PA-15, multi-caliber rifle, serial number SCD040583;

    c. Hi-Point, model 1095, 10mm rifle, serial number M11874;

    d. Ruger, model Mini-14 Ranch Rifle, .223 caliber rifle, serial number

196-75188;

e. Mossberg, Maverick model 88, 12-gauge shotgun, serial number MV86305N;

f. Jimenez Arms, model J.A. NINE, 9mm pistol, serial number 280570;

g. Calwestco, model Jennings J22, .22 caliber pistol, serial number 717333;

h. Masterpiece Arms, model Defender, 9mm pistol, serial number F8485;

i. Glock, model 45, 9mm pistol, serial number BTUN871;

j. Glock, model 21, Gen 4, .45AUTO caliber pistol, serial number BEXM320;

k. Glock, model 27, .40 caliber pistol, serial number BPAK880;

l. Phoenix Arms, model Raven, .25 Auto caliber pistol, with obliterated serial number;

m. FNH USA, model Five-seveN, 5.7x28mm pistol, serial number 386340084;

n. Glock, model 17, 9mm pistol, serial number BDKG346;

o. Glock, model 43X, 9mm pistol, serial number BWCT365;

p. Glock, model 17 Gen 5 9x19, 9mm pistol, serial number BTBU411;

q. Smith & Wesson, unknown caliber rifle, serial number 1S1884C;

r. Glock, model 43X, 9mm pistol, bearing serial number BSMM349; and

s. Smith & Wesson, model M&P Bodyguard, .380 caliber pistol with unknown serial number.

2. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This, the 7th day of August 2024.

/s/ Loretta C. Biggs
United States District Judge